Rapallo, J.
The reversal of the judgment entered upon the report of the referee was upon questions of law only. The facts found by the referee must therefore be taken as established. From these findings it appears that for upward of thirty years the elevator in question had been customarily used by the superintendents, bosses and employes of the mill for the purpose of riding from one floor to another of *520 the mill while engaged in work there, and this to the knowledge of their superiors and bosses, and that the plaintiff had been accustomed so to ride. The right of the plaintiff to use the elevator to pass to the upper floor is conceded in the opinion of the Supreme Court, and the conclusion of the referee that sin was not guilty of any negligence in so doing is undisturbed. The sole ground of reversal was that the defendants were not liable for the negligence of their general agent in omitting to repair the broken chain, after notice to him that it was unsafe and that unless repaired some of the employes would get hurt.
The defendants, who operated the mill at the time of the injury, gave no personal attention to conducting the mill, but it was managed by a general agent who had general charge of the mill, machinery and operatives, with power to purchase all supplies and hire and discharge operatives.
It is evident that this general agent was not a mere fellow-servant of the plaintiff, who was a common hand in the mill, but that he was charged with the performance of the duties which the defendants owed to the hands employed in the mill. There was no other person to disehage those duties, and the defendants could not, by absenting themselves from the mill and refraining from giving any personal attention to its conduct, but committing the entire charge of it to an agent, exon-. erate themselves from those duties, or from the consequences of a failure to perform them.
It was the duty of the defendants toward their employes to keep the elevator in a safe condition and to repair any injury to it which would endanger the lives or limbs of their employes who were lawfully and properly and in the performance of their functions in the habit of using it. That duty they delegated to their general agent. As to acts which a master or principal is bound as such to perform toward his employes, if he delegates the 'performance of them to an • agent, the agent occupies the place of the master, and the latter is deemed present, and liable for the manner in which they are performed. (Flike v. Boston and Albany R. R. Co., *521 53 N. Y., 519.) This rule is as applicable to individuals as to corporations, and requires us to sustain the conclusion of the referee, that the defendants were responsible for the neglect, of their general agent, he having the means and power, to keep the elevator in repair, and that notice to such general agent was notice to the defendants that the elevator was out of repair and the defendants were consequently guilty of gross negligence in omitting to repair it.
The order of the General Term should be reversed and the judgment entered upon the report of the referee affirmed with costs.
All concur.
Order reversed and judgment accordingly.